

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. C. Flowers
Secretary of State
Austin, Texas

Dear Sir:                    Attention:  Mr. Ennis C. Favors
                             Attorney, Franchise Tax Division

                             Opinion No. O-1587
                             Re:  Right of corporations named
                             in Article 7105, Vernon's Anno-
                             tated Civil Statutes, but not ac-
                             tually paying intangible tax there-
                             under, to pay franchise taxes un-
                             der subdivision (B), Article 7084,
                             Vernon's Annotated Civil Statutes,
                             on the basis of one-fifth of the
                             total franchise tax levied by said
                             article

        Under date of November 8, 1939, you submitted
for the opinion of this department the following inquiry,
which we quote from your letter:

        "We have a number of corporations under
the terms and provisions of Article 7105,
R. C. S. of Texas, that are now paying their
franchise taxes under the terms and provisions
of Article 7084, Subdivision (B) R. C. S. of
Texas, which is 1/5th of the total amount of
franchise taxes.

        "We have checked a number of these cor-
porations that contend they are required to
pay intangible taxes and find that in truth
and in fact they are not paying any intangible
taxes, nevertheless, paying only 1/5th of their
franchise taxes under Article 7084, Subdivision
(B).

Honorable M. C. Flowers, page 2

"Please allow us to direct your attention to the following underlined portion of Article 7084, Subdivision (B), R. C. S. of Texas, '(b) <u>Corporations which are now required by law to pay annually a tax upon intangible assets.</u>' We cannot believe under the terms of this particular statute it was the purpose and intention of the Legislature to permit these corporations to pay 1/5th of their franchise taxes, unless they are actually paying intangible taxes. We understand a number of these corporations contend for various reasons they do not owe intangible taxes, when assessed by the Intangible Tax Board, and at the same time prepare and file their franchise tax return with this department classifying themselves as corporations required to pay the intangible tax.

"We will appreciate your answer to the following question:

"Does a corporation have to pay annually intangible taxes upon intangible assets before being entitled to the 4/5ths reduction of its franchise taxes under Article 7084, Subdivision (b), R. C. S. of Texas?"

Article 7105, Vernon's Annotated Civil Statutes, levies an intangible tax upon certain named corporations in the following language:

"Each incorporated railroad company, ferry company, bridge company, turnpike or toll company, oil pipe line company, and all common carrier pipe line companies of every character whatsoever, engaged in the transportation of oil, doing business wholly or in part within this State, whether incorporated under the laws of this State, or of any other State, territory, or foreign country, and every other individual, company, corporation or association doing business of the same character in this State, in addition to the ad valorem taxes on tangible proper-

Honorable M. C. Flowers, page 3

ties which are or may be imposed upon them respectively, by law, shall pay an annual tax to the State, beginning with the first day of January of each year, on their intangible assets and property, and local taxes thereon to the counties in which its business is carried on; which additional tax shall be assessed and levied upon such intangible assets and property in the manner provided in this chapter. The county or counties in which such taxes are to be paid, and the manner of apportionment of the same, shall be determined in accordance with the provisions of this chapter."

Subdivision (B), Article 7084, Vernon's Annotated Civil Statutes, creates a partial exemption in favor of certain corporations from the tax levied by subdivision (A) of said franchise tax statute, which exemption reads as follows:

"(B) Corporations which are now required by law to pay annually a tax upon intangible assets, corporations owning or operating street railways in or upon the public streets of any town or city, and corporations organized to maintain or owning or operating electric interurban railways, shall be required to hereafter pay a franchise tax equal to one-fifth (1/5) of the franchise tax herein imposed against all other corporations under Section (A) herein."

The corporation in question contends for the right to make a franchise tax return and payment on the basis of one-fifth of the total franchise tax levied by subdivision (A), Article 7084, Vernon's Annotated Civil Statutes, and paid by the corporations therein named. This partial exemption is asserted under subdivision (B) of the franchise tax statute next above quoted, and is doubtless upon the theory that the mere naming of such corporations in Article 7105, Vernon's Annotated Civil Statutes, as being potentially subject to an ad valorem tax on intangible assets, brings them squarely

Honorable M. O. Flowers, page 4

within the purview of this partial exemption from the franchise tax.

With this contention we cannot agree. It is our conclusion that there must rest upon the corporations claiming this partial exemption from franchise taxes, an actual annual liability for an ad valorem tax on their intangible assets, rather than a mere theoretical or potential liability for such taxes. In other words, not all of the corporations described in Article 7105, Vernon's Annotated Civil Statutes, become liable each year to this tax on intangible assets, as such liability depends upon the facts appearing in the corporate statement required by Article 7106 and Article 7107, Vernon's Annotated Civil Statutes, and the method of computation followed by the Intangible Tax Board in arriving at such tax liability for any given year. If, under all of the pertinent articles of Chapter 4, Title 122, Vernon's Annotated Civil Statutes, concerning the levy, assessment and collection of taxes on intangible assets, no such tax is certified by the Intangible Tax Board to the assessors of the various counties of Texas against any given corporation for a particular year, then how can it reasonably be said that such corporation is "required by law to pay annually a tax upon intangible assets" within the language of subdivision (B), Article 7084, Vernon's Annotated Civil Statutes, so as to allow such corporation to pay its franchise taxes on the basis of one-fifth of the total tax levied? In determining whether or not a certain corporation is "required by law to pay annually a tax upon intangible assets," it is necessary to refer to all of the pertinent statutes for the assessment and calculation of such tax, because Article 7105, Vernon's Annotated Civil Statutes, in levying said tax, provides that "such additional tax shall be assessed and levied upon such intangible assets and property in the manner provided in this chapter."

This conclusion is without the benefit of supporting authorities, because this is an open question in Texas; being relegated to the bare text of the statute involved, we are constrained to accord to such statute a reasonable, rather than an unreasonable, construction, and we feel that the foregoing conclusion and an affirmative answer to your question is the only reasonable construction.

The manifest purpose of subdivision (B), Article 7084, Vernon's Annotated Civil Statutes, is to lessen to the extent of four-fifths the franchise tax burden resting upon corporations which were likewise liable for tax on their intangible assets. If, from controlling statutes, it appears that no assessment for such tax on the intangible assets of said corporations is or can be certified by the Intangible Tax Board to the proper tax officials of the various counties in which the property of the corporation is found, then such corporation does not have to pay the additional tax on intangible assets and the reason for the exemption of such corporation from the payment of four-fifths of its franchise taxes no longer obtains.

To allow such corporation to pay only one-fifth of the franchise tax levied against it, while other corporations are paying such franchise tax in its entirety, would be to confer a gratuity or gift upon such corporation, and the intention to do this will not be ascribed to the Legislature, absent language in the statute compelling such construction.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat Neff, Jr.
Assistant

PN:LW

DEC 5 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN